United States District Court For The Middle District
Of Alabama Northern Division

| | | |
|---|---|---|
| Carl V. Marshall<br>AIS # 110574<br>    Plaintiff<br>Vs.<br><br>Richard Allen, et. al.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>2006-CV-1131-MHT<br><br>Response To Defendant's<br>Answer And Report |

**COMES NOW, Carl V. Marshall, Plaintiff** in above captioned matter, and states the following to be true and correct in form and nature:

1.) The Answer and Special Report presented to this Court by the Defendants includes false or unofficial documents which can be seen as to confuse the Court and issues at hand specifically Affidavits which are not properly sealed by a Notary Public.

2.) The Answer and Special Report presented to this Court by the Defendants is without direct attention to all issues addressed by the Plaintiff and due to this immediate lack of direct attention, this can be seen as an admission of no less than partial guilt on behalf of the Defendants.

3.) The Answer and Special Report presented by the Defendants lack additional attention to the issue of denial to fair access to Courts. In Plaintiff's original Complaint, there was the issue that legal materials were removed by intention of named Defendants in this Cause, there was, however, a noticing by the Defendants that a Complaint was being filed on behalf of the Plaintiff in this matter and due to that Complaint, legal materials were slowly placed back into operation so as to not attract attention to the parties involved, the Defendants

1

have lacked attention to this matter, in fact, they have denied altogether that any materials were removed except in an attempt to prevent damage to the equipment and even then, this misguide this Court by confusing the issue further so as to make the Plaintiff appear to this Court as not having a valid claim. Unknown to the Defendants, the Federal Courts have long been lacking tolerance on the part of officials in all situations where inmates are deprived the fair access to legal materials and equipment to satisfy the basic prongs set by the Federal Courts regarding the Fair Access to Courts and Litigation Rules.

4.) Plaintiff also brought before this Court a substantial claim of medical indifference in the way that he was exposed to Cruel and Unusual punishment through actions which were direct and intentional by Defendants. Plaintiff's medical condition deteriorated in such a manner as to require him to be transported to a different facility where his medical condition could be assessed and treated. The mere fact that he was transported does not exclude the claim, rather, it supports the fact that he suffered in one way or another, abuse as to cause physical conditions to deteriorate.

5.) In an attempt to further confuse this Court and Plaintiff, the Defendants have neglected to point out a valid claim which exists by and through the theft of an amount of $81.55. The American Commissary Supply (hereinafter named ACS-US) stated "[r]efund will not be issued unless the package is returned to American Commissary Supply-US, Inc.". This is a loop which is intentionally created when the ADOC chooses to deny liability for accounting for inmate's money and internal theft thereof. The original posted criteria were not the criteria which were submitted by the Defendants to this Court. The specific language in which was used internally was not the same which was given as evidence to this Court, and the Court should further order that the production of all documents

relating to the Incentive package be submitted and no further withholding be allowed of evidence which has favor to the Plaintiff's claims as a copy was mailed with the original Complaint, the Defendants have chose to ignore the fact that there were conflicts which existed regarding the Incentive Package Program.

The Plaintiff has asserted a number of claims in which the Defendants have failed to address properly and one such claim is the fact that Plaintiff was intentionally exposed to Cruel and Unusual Punishment. In itself, the intentional infliction of abuse by physical or verbal abuse is a direct violation of Human Rights and also a violation of Federal and State Codes which are enacted to protect prisoners from abuse by guards or other personnel employed by the Department of Corrections (FBOP and ADOC are not withstanding from rules set forth by Congress).

Arguments by Defendants relating to Plaintiff's claim are in need of the Court to allow an evidentiary hearing so as to bring all parties before the Court so the Court may determine the validity of issues contained within the original Complaint by the Plaintiff. Any such denial would allow the Defendants excessive lenience in matters brought before this Court and serve to allow further abuse to prisoners by the Alabama Department of Corrections and all officers partial to this case and pending cases which have yet to be heard by this Court.

CONCLUSION

The Plaintiff bringing before this Court serious allegations of abuse and intentional denial of Plaintiff's Constitutionally Protected Rights understands that the Court must be as a neutral party and must allow the evidence to prove one way or the other whether the Plaintiff or the Defendant is at fault for the issues brought before this Court. The Plaintiff hereby requests that an evidentiary hearing be held to allow parties to present all factual evidence before the Court.

The above being submitted on this 6th day of May, 2007

Carl V. Marshall

AIS #110574

PO Drawer 160

Alex City, Alabama 35011

DECLARATION:

I DECLAIR UNDER PENALTY OF PURJURY THAT THE STATEMENTS CONTAINED HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE, MEMORY AND BELIEF; AND AFFIX MY HAND TO SUCH.

DONE THIS THE 6TH DAY OF April, 2007

RESPECTFULLY SUBMITTED

*/s/ Carl V. Marshall*
CARL V. MARSHALL   AIS# 110574

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE MAIL A COPY OF THE FOREGOING VIA UNITED STATES MAIL PROPERLY ADDRESSED, POSTAGE PREPAID FIRST CLASS TO:

ALABAMA DEPARTMENT OF CORRECTIONS
LEGAL DIVISION
P.O. BOX 301501
301 S. RIPLEY ST.
MONTGOMERY, AL. 36130-1501

*/s/ Carl V. Marshall*
AIS # 110574

PLAINTIFF

F/N1

(5)



BIRMINGHAM AL 350
07 MAY 2007 PM 6 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

36101071

Mr. Jack Marshall
110574
P.O. Box 160
Alex City, AL. 35011